

RECEIVED
OCT 17 2016
FEDERAL PUBLIC DEFENDER

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| PAUL J. FISHMAN<br>*United States Attorney*<br><br>Matthew T. Smith<br>*Assistant United States Attorney* | *CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*   856/757-5026<br>*401 Market Street, 4th Floor*                              Fax: 856/968-4917<br>*Post Office Box 2098*                               Direct Dial: 856/757-5104<br>*Camden, NJ  08101-2098* |

October 12, 2016

**VIA EMAIL and FIRST CLASS MAIL**
Richard Coughlin, Esq.
Federal Public Defender, District of New Jersey
800-840 Cooper Street, Suite 350
Camden, New Jersey 08102-1155

Re: <u>Plea Agreement with Santos Colon (a/k/a "Ahmad Shakoor")</u>

Dear Mr. Coughlin:

This letter sets forth the plea agreement between your client, Santos Colon, a/k/a "Ahmad Shakoor", and the United States Attorney for the District of New Jersey ("this Office").

## Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Santos Colon to a one-count Information charging him with, from on or about June 30, 2015 to on or about August 13, 2015, attempting to provide material support and resources, as defined in 18 U.S.C. §2339A(b), including services and personnel, to a terrorist, knowing and intending that material support would be used in preparation for and in carrying out an attempt to kill a foreign official, official guest, and internationally protected person, in violation of 18 U.S.C. § 2339A.  If Santos Colon agrees to consent to be transferred and tried as an adult under 18 U.S.C. § 5032, para. 4-6, and is ordered by the Court to be transferred and

tried as an adult, and thereafter enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, then this Office will: (a) move to dismiss Counts One through Three of the juvenile information filed against Santos Colon on August 14, 2015 (United States v. S.C., a male juvenile, Crim. No. 15-402 (NLH)); and (b) not initiate any further criminal charges against him for (i) attempting to provide material support to a designated foreign terrorist organization (namely, the Islamic State of Iraq and the Levant) from on or about April 2, 2015 to on or about August 13, 2015; (ii) attempting to provide material support to terrorists from on or about June 30, 2015 to on or about August 13, 2015; (iii) attempting to obtain and use a weapon of mass destruction; and (iv) attempting to kill a foreign official, official guest, and internationally protected person, all in connection with Santos Colon's actions and plan to conduct a foreign terrorist organization-inspired violent attack inside the United States; specifically, a plot to assassinate Pope Francis during the Papal visit to Philadelphia, Pennsylvania in late September 2015, among other attacks. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of the guilty plea does not remain in full force and effect, the defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Santos Colon may be commenced against him, notwithstanding the expiration of the limitations period after Santos Colon signs the agreement.

## **Sentencing**

The violation of 18 U.S.C. § 2339A to which Santos Colon agrees to plead guilty in the Information carries a statutory maximum prison sentence of fifteen (15) years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Santos Colon is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing

Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Santos Colon ultimately will receive.

Further, in addition to imposing any other penalty on Santos Colon, the sentencing judge: (1) will order Santos Colon to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Santos Colon to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583(j) and 18 U.S.C. § 2332b(g)(5)(B), may require Santos Colon to serve a term of supervised release of any term of years or life, which will begin at the expiration of any term of imprisonment imposed. Should Santos Colon be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Santos Colon may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, under 18 U.S.C. § 3583(e)(3) regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Santos Colon by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Santos Colon's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Santos Colon agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part

of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Santos Colon from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Santos Colon waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Santos Colon understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  Santos Colon understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  Santos Colon wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  Santos Colon understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.

Accordingly, Santos Colon waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Santos Colon.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Santos Colon.

No provision of this agreement shall preclude Santos Colon from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Santos Colon received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Santos Colon and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: _____
MATTHEW T. SMITH
Assistant U.S. Attorney
United States Attorney's Office
C. ALEXANDRIA BOGLE
Trial Attorney- U.S. Department of
Justice- National Security Division.

APPROVED:

_____
R. STEPHEN STIGALL
Attorney-in-Charge

I have received this letter from my attorney, Richard Coughlin, Esquire. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charges, sentencing, the stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____*Santos Colon*_____                              Date: 10\27\16
Santos Colon

I have discussed with my client the letter and all of its provisions, including the provisions addressing the charges, sentencing, the stipulations, waiver, and immigration consequences. My client understands the letter fully, and wants to plead guilty pursuant to this plea agreement.

_____*[signature]*_____                              Date: 10/27/16
Richard Coughlin, Esquire

7

## **PLEA AGREEMENT WITH SANTOS COLON**

## **SCHEDULE A**

1. This Office and Santos Colon recognize that the United States Sentencing Guidelines are not binding upon the Court.

2. The version of the United States Sentencing Guidelines effective November 1, 2015 applies in this case.

3. Because the crime charged is an attempt, the applicable Guideline is U.S.S.G. § 2X1.1(a).  Under U.S.S.G. § 2X1.1(a), the base offense level from the Guideline for the substantive offense is the applicable Guideline.  Here, the substantive offense is providing material support to terrorists in violation of 18 U.S.C. § 2339A, and the Base Offense Level for the substantive offense is 26.  See U.S.S.G. § 2M5.3(a).

4. The parties agree that Specific Offense Characteristic U.S.S.G. § 2M5.3(b)(1)(C) applies because the offense involved the provision of explosives.  This Specific Offense Characteristic results in an increase of two (2) levels.  See U.S.S.G. § 2M5.3(b)(1)(C).

5. The parties agree that Specific Offense Characteristic 2X1.1(b)(1) applies because: (a) the crime was an attempt; and (b) the defendant had not completed all of the acts the defendant believed necessary for successful completion of the substantive offense, a decrease of three (3) levels is warranted.  See U.S.S.G. § 2X1.1(b)(1).

6. The parties agree that the offense involved and/or was intended to promote a federal crime of terrorism.  Therefore, the parties agree that U.S.S.G. § 3A1.4 applies to the instant offense.  Accordingly, the offense level is increased 12 levels and the defendant's criminal history category becomes category VI.

7. As of the date of this letter, Santos Colon has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Santos Colon's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Santos Colon has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in Santos Colon's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Santos Colon enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Santos Colon's acceptance of responsibility has continued through the date of sentencing and Santos Colon therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Santos Colon's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guideline offense level applicable to Santos Colon is 34 ("the agreed Guidelines offense level").  Given however, that the statutorily authorized maximum sentence (here, fifteen (15) years (or 180 months under 18 U.S.C. § 2339A)) is less than the minimum of the applicable guideline range (here, 262-327 months), the parties agree that the statutorily authorized maximum sentence (180 months) shall be the Guideline range.  See U.S.S.G. § 5G1.1(a).

10. Santos Colon reserves the right to argue for a downward departure and/or variance at the time of sentencing.  The Government reserves the right to oppose such a downward departure and/or variance.

11. Santos Colon knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 (except for a claim of constitutionally ineffective assistance of counsel), which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 34.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 34.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a

stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

13. After the entry of his guilty plea, the defendant may propose to the Government, for the Government's consideration, an appropriate inpatient psychological/psychiatric juvenile treatment facility for the defendant's pre-sentence detention. It is the parties' understanding that the defense may seek pre-sentence detention in such a facility in order to allow Santos Colon to reside, seek medical and psychological/psychiatric treatment, and further his education in such a facility. If the Government is satisfied that the defendant has identified an appropriate juvenile treatment facility, then the Government agrees to join the defendant in moving the Court to detain Santos Colon prior to his sentencing date in the custody of the United States Marshals Service and in such proposed inpatient psychological/psychiatric juvenile treatment facility. The parties agree and understand that it is ultimately the Court's decision whether to accept the parties' joint motion for pre-sentence detention in any such inpatient psychological/psychiatric juvenile treatment facility. To this end, if such a joint motion is filed, the parties will ask the Court to hold a hearing to determine whether the identified juvenile treatment facility: (a) is suitable to the Court; (b) meets Santos Colon's medical and psychological/psychiatric treatment and educational needs and otherwise comports with the requirements for detention and commitment of a juvenile under 18 U.S.C. § 5039; and (c) is sufficiently equipped so as to prevent Santos Colon from fleeing or posing a danger to the safety of any other person or the community based on his residence at the juvenile justice facility. The parties further agree that, if the Court denies the parties' joint motion to detain Santos Colon in such a facility, the parties will file a joint motion requesting that the Court set this matter for sentencing in an expeditious manner. Both parties agree and understand that it is ultimately the Court's decision when to set this matter for sentencing.

14. It is understood by the parties that the juvenile treatment facility may, after a period of evaluation and treatment, recommend that Santos Colon be transferred to a different facility or program either as part of a staged treatment protocol, or for reasons unrelated to Santos Colon's treatment

or conduct and which do not implicate the conditions that trigger Santos Colon's sentencing identified and set forth in Paragraph 15 in this Schedule A below. Should that occur prior to Santos Colon attaining the age of 21 years old, the process for review and approval outlined in Paragraph 13 in this Schedule A for the initial placement will be implemented to determine whether the proposed juvenile treatment facility is appropriate.

15. Paragraphs 13 and 14 notwithstanding, in the event that Santos Colon is detained in such a facility after his guilty plea and prior to his sentencing date, and in order to maximize his opportunity to obtain medical and psychological/psychiatric treatment while being detained at such a facility, the parties agree to move the Court to adjourn the date of sentencing until Santos Colon attains the age of 21 years old. However, the parties agree and understand that, at any time during any such period of pre-sentence detention, the Government retains the right to move the Court to immediately proceed with sentencing, including in the event that: (a) Santos Colon attempts to flee or endangers the safety of other persons or the community (or otherwise becomes a flight risk or poses a danger to the safety of other persons or the community) or is non-compliant with the instructions, rules, and regulations of the juvenile treatment facility or any of the conditions set by the Court; (b) the juvenile treatment facility advises Santos Colon, the Government, and the Court that Santos Colon is no longer in need of the medical and/or psychological/psychiatric treatments offered at the juvenile justice facility; or (c) it appears that Santos Colon has been making little or no progress in his medical and/or psychological/psychiatric treatment or is no longer furthering his education at the juvenile treatment facility and any further medical and/or psychological/psychiatric treatment or education no longer would be productive. The parties understand that the decision as to when Santos Colon will be sentenced rests exclusively with the Court and that the Court can sentence Santos Colon at any time in accordance with Federal Rule of Criminal Procedure 32. Nothing in this paragraph the Government from providing any and all information to the Court regarding Santos Colon or restricts the Government's right to respond to questions from the Court. The parties also agree to request that the Court convene regular status conferences on this matter at a time and frequency to be determined by the Court, to address Santos Colon's status and progress in his medical and/or psychological/psychiatric treatment and education. To this end, Santos Colon agrees to allow the facility to provide the Government and the

Court updates on all aspects of his treatment and condition.