NJ 199A    (Rev. 01/09) Order Setting Conditions of Release                                                                 page 1 of 4

# United States District Court
for the
District of New Jersey

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
|  | ) | Case   1:17-cr- 119 (NLH) |
| Santos Colon | ) | |
|  | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)    The defendant must not violate any federal, state or local law while on release.

(2)    The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3)    The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4)    The defendant must appear in court as required and must surrender to serve any sentence imposed on a date to be set by the court.

The defendant shall appear at a date and time to be set by the Court.

### Release on Bond

IT IS FURTHER ORDERED THAT:

(5)    The defendant shall be released pursuant to Amended Conditional Release Order dated 7/05/2017.

NJ 199B   (Rev. 01/09)  Additional Conditions of Release                                                                                                                   page 2 of 4

## Additional Conditions of Release

(6) Upon finding that release by the above methods will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, it is further ordered that the release of the defendant is subject to the conditions listed below:

(a) See attached Amended Conditional Release Order dated 7/05/2017.

NJ 199C (Rev. 01/09) Advice of Penalties    page 3 of 4

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Santos Colón_
*Defendant's Signature*

_Lindenwold, NJ_
*City and State*

### Directions to the United States Marshal

(✗) SEE ATTACHED ORDER
(  ) The defendant is ORDERED released after processing.
(  ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: July 12, 2017

_Noel L. Hillman_
*Judicial Officer's Signature*

Hon. Noel L. Hillman, United States District Judge
*Printed name and title*

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

SEE ATTACHED ORDER.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Docket No. 17-119 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SANTOS COLON, | : | AMENDED CONDITIONAL |
| Defendant, | : | RELEASE ORDER |
| | : | |
| _____ | : | |

     Santos Colon, through his attorney, Richard Coughlin, Federal Public Defender, having filed a motion for conditional release, and with no objection from the government, and the Court having previously entered an Order of Conditional Release which due to changed circumstances could not be implemented, and upon consideration of the record, the Court finds that, under the conditions specified below, Santos Colon does not present a danger to the community or present a risk of nonappearance at future court proceedings.

     Accordingly, the Court orders that the previously entered Order of Conditional Release is shall be amended by this Order and Santos Colon shall be released from the custody of the United States Marshal Service to supervision by the United States Pretrial Services Office (Pretrial Services), subject to the following conditions:

1) Santos Colon shall be released under the supervision of Pretrial Services and shall comply with directions, instructions, and orders issued by Pretrial Services, including any orders or instructions to report to that Office or to Court.

2) In light of Santos Colon's individual circumstances and needs, he is ordered to reside, until further order of the Court, at an identified residential treatment facility that provides mental health and behavioral health treatment. The specific residential treatment program shall be at the direction of the Pretrial Services Office. While at this residential treatment facility, Santos Colon shall be subject to and abide by the rules and regulations of said facility. While at such residential treatment facility, Santos Colon and his property will be subject to search and inspection by treatment staff to insure compliance with program rules and regulations, including his treatment regimen. The treatment program staff shall report any violation of release conditions to Pretrial Services. Upon the approval of Pretrial Services, Program staff are permitted to allow Santos Colon to leave the facility with a staff escort for required educational, medical, and legal purposes. Santos Colon is not otherwise permitted to leave the residential treatment facility without prior approval of Pretrial Services. Placement at the identified residential treatment facility is appropriate because it provides essential professional treatment services including counseling, psychotherapy, family therapy and case-management services, educational services, medical referrals, community outreach services, and comprehensive social services. The Court finds that the elements of the program provided by the residential treatment facility are necessary to ensure the safety of community and to ensure Santos Colon's appearance at future court proceedings. Consistent with paragraph 14 of the Plea Agreement, Santos Colon may not be transferred or otherwise placed in any other treatment facility without further order of the Court.

3) Santos Colon shall participate in a location monitoring program as directed by Pretrial Services. Such monitoring shall include global positioning system (GPS) and/or radio frequency (RF) technology at the discretion of the Pretrial Services Office. GPS and/or RF technology monitoring shall not be removed until further order from the Court.

4) Santos Colon shall participate in and comply with mental health treatment as directed by Pretrial Services. Such treatment may include, but is not limited to psychological/psychiatric counseling and treatment, behavioral counseling and treatment, family counseling, and a regimen of prescribed medications.

5) Santos Colon shall participate in an educational program as directed by the residential treatment program and as approved by Pretrial Services. Santos Colon shall abide by the rules of such educational program and shall not leave the premises of such educational facility except for educational or medical purposes while escorted by program staff and only with prior approval of Pretrial Services. The educational program shall supervise Santos Colon while he is present and report any violations of release conditions to Pretrial Services.

6) Santos Colon shall not operate a motor vehicle and shall not utilize the services of a taxi, car service, or other pay-for-service mode of transportation.

7) Except under the supervision and direction of staff at the residential treatment facility or educational facility, and only with the prior approval of Pretrial Services, Santos Colon shall not possess or use a computer as defined in 18 U.S.C. § 1030(e) and shall not access on-line (Internet) services. Santos Colon shall provide residential staff, education staff, treatment providers, Pretrial Services, and federal agents working in conjunction with Pretrial Services, access to his person, place of residence, and place of education to allow monitoring of this condition.

8) Santos Colon shall not associate in any manner with individuals or organizations involved in or advocating violent, extremist, or terrorist activity, including by means of electronic communications.

9) Santos Colon shall provide Pretrial Services access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills. Santos Colon shall not acquire or use any credit card, debit card, or access any credit through any means without prior approval of Pretrial Services. Santos Colon shall not accept any monetary funds or instruments of any value from third parties without the prior approval of Pretrial Services. He shall immediately (within 4

hours) report to the Pretrial Services Officer any access to monetary instruments made available to him.

10) Santos Colon shall comply with all of the following general conditions of pretrial release, including:

   a. He shall appear at all proceedings as ordered by the court and shall surrender for service of any sentence imposed.

   b. He shall not commit any federal, state, or local crime.

   c. He shall not harass, threaten, intimidate, injure, tamper with, or retaliate against any witness, victim, informant, juror, or officer of the Court, or obstruct any criminal investigation.

   d. He shall surrender all passports and visas to Pretrial Services and shall not apply for any passports or other travel documents.

   e. He shall not possess any firearm, destructive devices, or other dangerous weapon.

   f. He shall not use alcohol and shall not use or possess any narcotic or other controlled substance without a legal prescription. He shall also submit to random drug and alcohol testing at the direction of Pretrial Services.

Upon notification by the residential treatment facility to Pretrial Services that a bed is available and that all requirements for transfer have been met, including installation of any equipment needed to effectuate the position monitoring system, Santos Colon shall be released to the custody of Pretrial Services Officers who shall directly transport Santos Colon to the residential treatment facility for placement consistent with this Order.

IT IS FURTHER ORDERED that the Court will convene regular status conferences on this matter at a time and frequency determined by the Court to address Santos Colon's status and progress in his medical and/or psychiatric treatment and education. To that end, and in accordance with Paragraph 15 of the Plea Agreement, the residential treatment facility and the educational program shall provide Pretrial Services, counsel for the United States, and counsel for Santos Colon with unfettered access to any notes, records or reports relating to or created in connection with the treatment and education of Santos Colon. Both the residential treatment facility and education program shall also include Pretrial Services in periodic review meetings relating to Santos Colon. At their discretion, counsel for the United States, counsel for Santos Colon, or representatives of their offices may also participate in such meetings.

IT IS SO ORDERED.

Date: July 6, 2017

*/s/ Noel L. Hillman*
NOEL L. HILLMAN
United States District Judge