UNITED STATES DISTRICT COURT
District of New Jersey

UNITED STATES OF AMERICA

v.

SANTOS COLON, JR.

Defendant.

CASE NUMBER 1:17-CR-00119-NLH-1

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant, SANTOS COLON JR., was represented by RICHARD COUGHLIN, FPD.

The defendant pleaded Guilty to Count 1 of the INFORMATION on 4/3/2017. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 18 USC § 2339A | PROVIDING MATERIAL SUPPORT TO TERRORISTS | 6/30/2015 - 8/14/15 | 1 |

As pronounced on May 9, 2022, the defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this 11th day of May, 2022.

Hon. Noel L. Hillman
U.S. District Judge

Defendant: SANTOS COLON JR.
Case Number: 1:17-CR-00119-NLH-1

Judgment - Page 2 of 7

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. Sec. 3553(a), it is the judgment of the Court that you, Santos Colon, Jr., are hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of Time Served.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment - Page 3 of 7

Defendant: SANTOS COLON JR.
Case Number: 1:17-CR-00119-NLH-1

## SUPERVISED RELEASE

You are placed on supervised release for a term of 25 years.

While on supervised release, you must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, must not possess an illegal controlled substance and must comply with the other mandatory and standard conditions that have been adopted by this Court. Based on information presented, you are excused from the mandatory drug testing provision; however, you may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

You must cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it is a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release.

You must comply with the following special conditions:

LOCATION MONITORING PROGRAM (GPS monitoring, 6 months, payment waived)

You must submit to home detention with GPS monitoring for a period of 6 months and comply with the Location Monitoring Program requirements as directed by the U.S. Probation Office. You will be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse and mental health treatment, court-ordered obligations, and any other such times specifically authorized by the U.S. Probation Office. The precise location monitoring technology to be utilized is at the discretion of the U.S. Probation Office. Payment shall be waived.

COMPUTER MONITORING

You must submit to an initial inspection by the U.S. Probation Office, and to any unannounced examinations during supervision, of your computer equipment. This includes, but is not limited to, personal computers, personal digital assistants, entertainment consoles, cellular telephones, and/or any electronic media device which is owned or accessed by you. You must allow manual searches of these devices and the installation on your computer of any hardware or software systems which monitor computer use. You must pay the cost of the computer monitoring program. You may use a computer in connection with employment if approved by the U.S. Probation Office, provided you notify your employer of the nature of your conviction and any computer related restrictions that are imposed on you. The U.S. Probation Office will confirm your compliance with this notification requirement.

PROHIBITION ON GANG/TERRORIST/CRIMINAL ASSOCIATIONS

You must refrain from associating with, or being in the company of, any members of any street gang, outlaw motorcycle gang, traditional or non-traditional organized crime group, or any other identified threat group. You are restricted from frequenting any location where members of said organizations are known to congregate or meet. You must not have in your possession any item or paraphernalia which has any significance or is evidence of affiliation with said organizations.

Defendant: SANTOS COLON JR.  
Case Number: 1:17-CR-00119-NLH-1

Judgment - Page 4 of 7

## CONSENT TO SEARCH

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the U.S. Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

## LIFE SKILLS/EDUCATION

As directed by the U.S. Probation Office, you must participate in and complete any educational, vocational, cognitive or any other enrichment programs offered by the U.S. Probation Office or any outside agency or establishment while under supervision.

## MENTAL HEALTH TREATMENT

You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, or sex offense-specific treatment, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.

## MENTAL HEALTH TREATMENT-MEDICATIONS

You must comply with the medication regimen prescribed by a licensed psychiatrist approved by the U.S. Probation Office. If the licensed psychiatrist requests testing procedures to confirm you are taking your medications as prescribed, including but not limited to blood monitoring the U.S. Probation Office may direct you to undergo such testing procedures. You shall contribute to the cost of such services rendered and any psychotropic medications prescribed, via co-payment or full payment in an amount to be determined by the U.S. Probation Office, based upon your ability to pay and/or the availability of third-party payment.

## MOTOR VEHICLE COMPLIANCE

You must not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You must comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office.

Defendant: SANTOS COLON JR.
Case Number: 1:17-CR-00119-NLH-1

Judgment - Page 5 of 7

### NO EXTREMIST/TERRORISTIC MATERIAL

You must not possess, view, access or otherwise use material that promotes the use of violence or terroristic acts to further the tenets or goals of ISIL, ISIS, al-Qa'ida or any affiliated groups unless such materials are used for educational, therapeutic or rehabilitative efforts approved by U.S. Probation Office.

### POLYGRAPH EXAMINATION

You must submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the U.S. Probation Office, to assist in treatment, planning, and case monitoring. You will be required to contribute to the costs of services rendered in an amount to be determined by the U.S. Probation Office, based on ability to pay or availability of third-party payment.

Defendant: SANTOS COLON JR.  
Case Number: 1:17-CR-00119-NLH-1  
Judgment - Page 6 of 7

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e.. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Defendant: SANTOS COLON JR.  
Case Number: 1:17-CR-00119-NLH-1

Judgment - Page 7 of 7

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____  
　　　　　　　　Defendant　　　　　　　　　　　　　　　　　　　Date

_____  
　　U.S. Probation Officer/Designated Witness　　　　　　　　　Date